UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK DUANE RILEY,

       Petitioner,                             Case Number 01-20034

v.                                                    Honorable David M. Lawson

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER DENYING PETITION FOR WRIT OF *AUDITA QUERELA*

On November 29, 2017, petitioner Derek Duane Riley filed a document styled as a "petition for writ of *audita querela*." In his petition, he asks the Court to vacate the May 3, 2002 judgment of conviction and sentence that was entered in his criminal proceeding, and "change the judgment to 60 months and 4 years supervised release." Pet. [R. 59] at 10. The Court has reviewed the petitioner's submissions and the government's response and now finds that the extraordinary writ that the petitioner seeks to invoke is not an appropriate vehicle for the relief that he seeks, and the claims of error in his sentencing that he seeks to raise are untimely and without merit.

On May 3, 2002, the Court sentenced the petitioner to 121 months in prison, followed by an eight-year term of supervised release, after the petitioner pleaded guilty to a single count of distribution of five or more grams of cocaine base, contrary to 21 U.S.C. § 841(a). The defendant was subject to a 10-year mandatory prison term because of a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(B). On April 30, 2009, the Court amended the judgment and reduced the sentence to 120 months in prison, after granting a motion by the petitioner to reduce his sentence under 18 U.S.C. § 3582(c)(1). Riley appealed the amended judgment, arguing that the Court erred when it found that it could not sentence him to a term less than the statutory mandatory minimum of 10 years, and the Sixth Circuit affirmed on February 22, 2010.

The petitioner eventually was discharged from federal prison and commenced his term of supervised release. However, on March 30, 2017 his supervised release was revoked and he was sentenced to an additional term of 30 months in prison, based on his March 24, 2017 conviction for drug distribution and conspiracy in *United States v. Riley*, 16-20677. In his present petition, Riley argues that the consideration of a 1994 state drug conviction was a factor that increased the mandatory minimum term in the 2002 federal case from five years to 10 years, and that, absent that aggravator, he would not have been on supervised release in 2017, and thus would not have been subject to an additional conviction and sentence for violating the terms of his release. The petitioner contends that the enhancement based on the 1994 conviction was improper because he was not sentenced to more than a year in prison for that prior crime, and therefore it did not qualify as a "felony drug offense" under 21 U.S.C. §§ 851, 802(44).

The Court finds, after reviewing the petition, that it cannot properly be regarded as a petition for a writ of *audita querela*, because the gravamen of it is merely a challenge to the legality of the 2002 judgment of conviction and sentence, for which the exclusive avenue of attack is a motion under 28 U.S.C. § 2255. Consequently, the petition properly construed as a motion to vacate sentence under section 2255 must be dismissed as untimely, because it was filed far beyond the applicable one-year limitations period.

"The writ of *audita querela* is a common law writ dating from the reign of Edward III that constitutes the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on the ground that some defense or discharge has arisen since its rendition that could not be taken advantage of otherwise." *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). "*Audita querela* is distinguished from *coram nobis* in that *coram nobis* attacks the judgment itself, whereas *audita querela* is directed against the enforcement, or further

enforcement, of a judgment which, when rendered, was just and unimpeachable." *Ibid.* "In other words, a writ of *coram nobis* attacks a judgment that was infirm at the time it was rendered for reasons that later came to light, while a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *Ibid.*

"Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished the application of the writ of *audita querela* to civil judgments in 1948." *Ibid.* "However, the reasoning of the Supreme Court's opinion in *United States v. Morgan*, 346 U.S. 502 (1954), may allow the writ to be used to attack a criminal judgment." *Ibid.* "In *Morgan*, the Court held that the writ of *coram nobis*, which Rule 60(b) also had abolished in civil cases, was still available in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a), where it was needed to fill a gap in the federal post-conviction remedial scheme." *Ibid.* "Nevertheless [it has been held that], if the writ survives, it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment," and "[p]urely equitable grounds for relief do not justify the issuance of a writ of *audita querela*." *Id.* at 488. "Furthermore, the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Ibid.*; *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) ("While the writ of *audita querela* has been abolished in civil cases . . . the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief.") (collecting cases). Thus, a petitioner challenging a federal conviction or sentence "may not seek relief via a petition for a writ of *audita querela*," where "his claim is cognizable under § 2255," because "[t]here is no gap to fill in the post-conviction remedies." *Ibid.*

For similar reasons, other federal courts have construed filings as motions for relief under 28 U.S.C. § 2255 regardless of their denomination, where the substantive challenge to a federal conviction or sentence raised in the petition is within the scope of section 2255. *United States v. Springer*, 875 F.3d 968, 974 (10th Cir. 2017) ("Although [the petitioner] does not characterize his motion as one seeking habeas relief, it is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." (quotation omitted)); *see also United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) ("'Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, *coram nobis*, *coram vobis*, *audita querela*, *certiorari*, *capias*, habeas corpus, ejectment, *quare impedit*, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)); *United States v. Gamboa*, 608 F.3d 492, 494 (9th Cir. 2010) (affirming dismissal of petition for writ of *audita querela* on the basis that the petitioner's "argument present[ed] a claim cognizable under 28 U.S.C. § 2255, and is thus not appropriate for a writ *audita querela*"). Thus, the Court will construe the petition as a motion to vacate sentence under 28 U.S.C. § 2255.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The statute of limitations governing the filing of a § 2255 motion is set forth in 28 U.S.C. § 2255(f) and states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(f)). "When, as here, the U.S. Court of Appeals affirmed a criminal judgment, but the defendant did not file a petition for a writ of *certiorari* with the Supreme Court, his judgment is deemed to be final when the time for filing such a petition expired (i.e., 90 days after the U.S. Court of Appeals entered judgment)." *Cradler v. United States*, 891 F.3d 659, 665 (6th Cir. 2018) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)).

In this case, Riley has not pointed to any circumstances that could excuse the tardy filing of his petition challenging the 2002 conviction and sentence. The Court entered the amended judgment of sentence on April 30, 2009. Riley appealed the amended sentence, and the court of appeals affirmed on February 22, 2010. By any measure, the claims first presented to this Court in the instant petition on November 29, 2017 were raised long after the one-year limitations period had expired. Riley has not pointed to any impediment created by the government that inhibited his filing or any new facts that he could not have discovered through the exercise of due diligence

that prompted the filing of his claims. He has not asserted that any newly retroactive rule of law supplied any new authority for his claims. Nor has he suggested that any exception to the limitations period such as equitable tolling could apply to rescue his untimely claims. *See Gillis*, 729 F.3d at 645 ("[E]quitable tolling . . . in any event would have required showing that [the petitioner] has pursued his rights diligently and that an extraordinary circumstance stood in the way of his timely filing a § 2255 motion.") (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Thus, the claims raised in the present petition are untimely.

Moreover, even if the challenge to the sentence enhancement had been timely asserted, it plainly is without merit. Section 802(44) of Title 18 defines a "felony drug offense" as "an offense that is *punishable* by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana . . . or depressant or stimulant substances." 21 U.S.C. § 802(44) (emphasis added). The petitioner was convicted in 1994 of delivery of less than 50 grams of cocaine under a Michigan statute prescribing a maximum sentence of 20 years in prison. *See* Mich. Comp. Laws § 333.7401(2)(a)(iv) ("A person who violates this section as to [a] controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv) [and] [w]hich is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both."). The fact that the petitioner was sentenced to a term of less than one year in prison for the 1994 crime is of no consequence, because the classification of the offense under section 802(44) turns on the maximum authorized penalty under the state statute, not the sentence actually imposed. *United States v. Bercian-Flores*, 786 F.3d 309, 315 (4th Cir. 2015) ("Where the Structured Sentencing Act authorized a maximum sentence of sixteen months' imprisonment, the

offense was punishable by a term of imprisonment exceeding one year even though the sentence ultimately imposed pursuant to his plea deal was for less than one year.").

The petitioner's claims are untimely and lack merit, and he therefore has failed to establish that his conviction and sentence violated any federal law or constitutional provision.

Accordingly, it is **ORDERED** that the petition for a writ of *audita querela* [R. 59] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date: September 27, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---